32140060L9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  14-CV-50142 |
| JERRY A. SCHULMAN, individually and d/b/a the Law Offices of Jerry A. Schulman, DARLENE M. KOPTA, and DARSTAR ENTERPRISES, INC., an Illinois Corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

NOW COMES Minnesota Lawyers Mutual Insurance Company, by and through its attorneys, James K. Horstman and Jeanne M. Zeiger of Cray Huber Horstman Heil & VanAusdal LLC, pursuant to 28 U.S.C. § 2201 and 2202 and for its Complaint for Declaratory Judgment and Other Relief against JERRY A. SCHULMAN, individually and d/b/a the Law Offices of Jerry A. Schulman, DARLENE M. KOPTA, and DARSTAR ENTERPRISES, INC., an Illinois Corporation, states as follows:

**PARTIES**

1.      Plaintiff Minnesota Lawyers Mutual Insurance Company ("MLM") is a Minnesota insurance corporation with its principal place of business in Minneapolis, Minnesota.

2.      Defendants JERRY A. SCHULMAN, individually and d/b/a the Law Offices of Jerry A.Schulman (collectively, "Schulman") are citizens of the State of Illinois.

3.      Defendant DARLENE M. KOPTA is a citizen of the State of Illinois.  Defendant DARSTAR ENTERPRISES, INC. is an Illinois Corporation with its principal place of business

in Lemont, Illinois. They are joined as defendants herein solely as parties potentially interested in the outcome of this case. If they agree to be bound by the final judgment in this case, MLM has no objection to their dismissal. These defendants will be collectively referred to as "Kopta" in this pleading.

## JURISDICTION

4.      Jurisdiction of this Court is predicated upon 28 U.S.C. § 1332, based upon diversity of citizenship between the Plaintiff and Defendants and an amount in controversy exceeding the sum of $75,000, exclusive of interest and costs.

## VENUE

5.      Venue is predicated upon 28 U.S.C. § 1391 in that the Defendants reside in this district and the events or omissions giving rise to this suit occurred in this district.

## MLM POLICY

6.      MLM issued a series of Lawyers Professional Liability Policies to Schulman, including Policy No. 7557 10, which was in effect for the period January 1, 2012 to January 1, 2013 ("the Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A.

7.       In pertinent part, the Policy provided coverage subject to the following terms and conditions:

**COVERAGE**
WE will pay, subject to OUR limit of liability, all DAMAGES the INSURED may be legally obligated to pay and CLAIM EXPENSE(S), due to any CLAIM, provided that:
            *       *       *

(2) the act, error, or omission occurred on or after the PRIOR ACTS RETROACTIVE DATE and prior to the expiration date of the POLICY PERIOD;
            *       *       *

(4) the CLAIM is deemed to be made during the POLICY PERIOD; and

\*       \*       \*

(5) the CLAIM is reported to US during the POLICY PERIOD or within 60 days after the end of the POLICY PERIOD

\*       \*       \*

A CLAIM is deemed made when:

\*       \*       \*

(4) an INSURED first becomes aware of any act, error or omission by any INSURED which could reasonably support or lead to a demand for DAMAGES

ALL CLAIMS arising out of the same or related PROFESSIONAL SERVICES shall be considered one CLAIM, and shall be deemed made when the first CLAIM was deemed made.

\*       \*       \*

**DEFINITIONS**
CLAIM(S) means:

\*       \*       \*

(4) any act, error or omission by any INSURED which could reasonably support or lead to a demand for DAMAGES

\*       \*       \*

**NOTICE OF CLAIMS AND DISCIPLINARY ACTIONS**
In the event of a CLAIM, disciplinary action, disciplinary investigation or notice to appear before a review board, the INSURED must:
(1)  give immediate written notice to US

\*       \*       \*

You must give US notice during the POLICY PERIOD or within 60 days after the end of the POLICY PERIOD for coverage to apply.

\*       \*       \*

**REPRESENTATION IN APPLICATION**
The application for coverage is a part of this policy. The application includes any Firm Information Verification form and/or Renewal Update form.
By acceptance of this policy the INSURED agrees:

3

                              *        *        *

(2) such representations are material as this policy is issued in reliance upon the truth of such representations ….

                              *        *        *

By endorsement, the Policy carries a "Full Prior Acts" retroactive date.

### THE KOPTA ACTION

8.    On October 25, 2013, Kopta filed a suit against Schulman in the Circuit Court of Cook County, Illinois, entitled *Darlene M. Kopta and Darstar Enterprises, Inc. v. Jerry A. Schulman, individually and d/b/a the Law Offices of Jerry A. Schulman* (Cook County No. 2013 L 011824) ("*Kopta* Action").  A true and correct copy of the *Kopta* complaint is attached hereto as Exhibit B.)

9.    The *Kopta* Complaint alleges that Kopta retained attorney Schulman to obtain a patent for an invention that Kopta owned.

10.    The *Kopta* Complaint further alleges that Schulman mishandled the patent application, which resulted in Kopta suffering various losses, including that Kopta did not receive patent protection for the invention, that she was unable to sell the patent rights for the invention and that she suffered a loss of valuable patent life.

11.    The *Kopta* Complaint seeks damages from Schulman under two theories: Breach of Contract (Count I) and Legal Malpractice (Count II).

12.     MLM is defending Schulman in the *Kopta* action under a full reservation of rights.

## SCHULMAN'S EARLY AWARENESS OF THE KOPTA CLAIM

13.     On November 8, 2002, Schulman sent an opinion letter to Kopta stating his legal opinions that her invention qualified for limited patent protection and that she would be successful in applying for patent protection.

14.     On July 12, 2005, Schulman submitted an Application for Provisional Letters Patent to the United States Patent and Trademark Office ("USPTO") on behalf of Kopta.

15.     On July 11, 2006, Schulman submitted a Utility Patent Application to USPTO on behalf of Kopta.

16.     On August 23, 2006, a Notice of Incomplete Nonprovisional Application was mailed to Schulman.  The Notice informed him that a filing date had not been accorded to the Kopta Utility Patent Application (submitted July 11, 2006), because the application had been deposited without drawings as required by 35 USC 113.  The Notice further advised Schulman that if he wished to rely on 37 CFR 1.57(a) to add inadvertently omitted material to the application, he would have to file a petition under 37 CFR 1.57(a) within two months of the Notice date.

17.     On October 24, 2006, Schulman submitted an Application pursuant to 37 CFR 1.57(a) to USPTO on behalf of Kopta.

18.     On August 6, 2008, a Decision on Petition was mailed to Schulman.  The Decision stated that the Petition under 37 CFR 1.57(a) filed on October 24, 2006 (requesting a filing date of July 11, 2006) was dismissed.  Although the Petition under 37 CFR 1.57(a) was found to have been timely filed, the reference to the prior-filed application was not included in the first sentence of the specification or in an application data sheet as required by 37 CFR 1.78, consequently Kopta could not rely on 37 CFR 1.57(a) to obtain a filing date.  The Decision

5

stated that if Kopta desired a later filing date of April 14, 2006, she must contact the Office within two months.

19.     On October 29, 2008, an Abandonment/Termination Letter was mailed to Schulman.  The letter stated that the Kopta Application was abandoned for failure to timely reply to the Decision on Petition mailed on August 6, 2008.  The Letter stated that a petition for revival of the petition could be filed based on grounds of unavoidable delay or unintentional delay pursuant to 37 CFR 1.137.

20.     On December 5, 2011, Schulman filed a Response to the Decision on Petition with USPTO.

21.     On December 27, 2011, Schulman submitted a renewal application to MLM for the 2012-2013 policy. No claims or circumstances that could reasonably result in claims were disclosed on the application.

22.     On January 1, 2012, Schulman's 2012-2013 MLM policy incepted.

23.     On March 12, 2012, a Decision on Petition was mailed to Schulman, stating that the Response to the prior Decision on Petition was denied because it was filed over three years after the reply period had expired.

24.     On March 28, 2012, Schulman telephoned MLM to report a claim.

25.     On May 17, 2012, Schulman filed a Response to the Decision on Petition with USPTO regarding the March 12, 2012 Decision on Petition.

26.     On June 12, 2012, MLM mailed a denial letter to Schulman the claim, which it had identified as Claim No. 12-261.

27. On September 24, 2012, a Decision on Petition was mailed to Schulman, stating that the previous petitions filed under 37 CFR 1.57 had been dismissed on August 6, 2008 and March 12, 2012.

28. On December 27, 2012, Schulman disclosed the Kopta claim in his renewal policy.

29. On January 1, 2013, Schulman's 2013-2014 MLM policy incepted.

30. On January 1, 2014, Schulman's 2014-2015 MLM policy incepted.

31. On February 16, 2014, Schulman telephoned MLM to advise that he had been served with the *Kopta* Complaint.

32. On February 10, 2014, MLM retained defense counsel to defend Schulman in the *Kopta* Action under reservation of rights.

## SCHULMAN'S APPLICATION FOR THE MLM POLICY

33. In connection with the application for the January 1, 2012 to January 1, 2013 MLM Policy, Schulman represented to MLM in the Firm Information Verification form that he submitted on December 27, 2011, that he was not aware of any claims or circumstances that could reasonably result in claims against him.

34. Schulman made the same representation in a Warranty Page submitted to MLM on December 30, 2011.

35. Schulman made the same representation in a Warranty Page submitted to MLM on December 31, 2011.

36. Schulman made the same representation in a Warranty Page submitted to MLM on January 3, 2012.

37.     Schulman made the same representation in a Warranty Page submitted to MLM on January 9, 2012.

## THE COVERAGE CONTROVERSY

38.     An actual controversy exists between the parties regarding whether the Kopta claim was made during the period of the Policy as required for coverage, making this case appropriate for disposition pursuant to 28 U.S.C. § 2201.

39.     An actual controversy exists between the parties regarding whether Schulman violated the notice provisions of the Policy with respect to the Kopta claim, precluding coverage under the Policy and making this case appropriate for disposition pursuant to 28 U.S.C. § 2201.

40.     An actual controversy exists between the parties regarding whether the Policy should be rescinded based on Schulman's intentional and/or  material misrepresentations when applying for the Policy, making this case appropriate for disposition pursuant to 28 U.S.C. § 2201.

41.     An actual controversy exists between the parties regarding whether the Policy should be reformed based on mutual mistake or Schulman's intentional misrepresentations when applying for the Policy, making this case appropriate for disposition pursuant to 28 U.S.C. § 2201.

42.     An actual controversy exists between the parties regarding whether coverage for the Kopta claim is precluded pursuant to the known loss doctrine, making this case appropriate for disposition pursuant to 28 U.S.C. § 2201.

## COUNT I – RESCISSION

(Intentional and/or Material Misrepresentations When Applying for the Policy.)

8

1-42.    As paragraphs 1-42 of this Count I, MLM adopts and incorporates by reference paragraphs 1-42 of the allegations stated hereinabove.

43.    Schulman's misrepresentations when applying for the MLM policy were made with actual intent to deceive MLM.

44.    In the alternative, Schulman's misrepresentations when applying for the MLM policy materially affected either the acceptance of the risk or the hazard assumed by MLM.

45.    Pursuant to 215 ILCS 5/154 and principles of common law and equity, the Policy should be ordered rescinded by the Court.

46.    MLM warrants that upon rescission of the Policy, it is prepared to refund the premium paid by Schulman for the Policy.

47.    Under principles of law and equity, MLM should not be compelled to provide coverage for the *Kopta* claim and suit, which were known to Schulman but were not disclosed to MLM before the inception of the Policy.

WHEREFORE, MLM respectfully requests that the Court enter an order declaring and decreeing as follows:

a.    The Policy issued by MLM is rescinded and has no effect;

b.    The Policy issued by MLM provides no coverage to Shulman with respect to any claims or suits including but not limited to the *Kopta* claim and suit;

c.     MLM owes no defense or indemnity obligations with respect to the *Kopta* claim and suit nor with respect to any other  claims or suits that have arisen or might arise under the Policy.

## COUNT II – REFORMATION (Pleaded in the Alternative)
(Policy Does Not Properly Reflect the True Intention of the Parties.)

1-42.    As paragraphs 1-42 of this Count II, MLM adopts and incorporates by reference paragraphs 1-42 of Count I hereinabove.

43.    The parties came to an understanding and meeting of the minds when they bound themselves to the terms of the Policy that the Policy would not provide coverage for claims or potential claims that were already known to Schulman prior to the inception date of the Policy.

44.    Either through mutual mistake of the parties, or by mistake on the part of MLM and fraud on the part of Schulman, the Policy did not specifically exclude coverage for the *Kopta* claim, the likelihood of which was known or reasonably knowable to Schulman before the inception date of the Policy but were not disclosed to MLM.

45.    Under principles of law and equity, MLM should not be compelled to provide coverage for the *Kopta* claim and suit, the likelihood of which was known or reasonably knowable to Schulman before the inception date of the Policy but were not disclosed to MLM.

WHEREFORE, MLM respectfully requests that the Court enter an order declaring and decreeing as follows:

a.    The Policy issued by MLM is reformed to exclude coverage for the *Kopta* claim and suit;

b.    The Policy issued by MLM provides no coverage to Shulman with respect to the *Kopta* claim and suit;

c.     MLM owes no defense or indemnity obligations with respect to the *Kopta* claim and suit.

## COUNT III – DECLARATORY JUDGMENT
### (The Kopta Claim Was Not Made During The Policy Period.)

1-42.    As paragraphs 1-42 of this Count III, MLM adopts and incorporates by reference paragraphs 1-42 of Count II hereinabove.

43.    Under the terms of the Policy and the other policies issued by MLM, no claim is covered unless it is deemed to be made during the policy period and is reported during the policy period.

44.    The Kopta claim was reported on March 28, 2012 during the term of the Policy, but outside the term of any other policy issued by MLM.

45.    As defined by the Policy, a claim is deemed to be made when the insured first becomes aware of an act, error or omission which could reasonably support or lead to a demand for damages against him.

46.    Schulman was aware of acts and omissions that could reasonably support or lead to a claim against him as early as August 2006, but no later than October 2008.

47.    The policy period of the Policy was January 1, 2012 to January 1, 2013.  As the Kopta claim was deemed to have been made no later than August 2008, the claim was not deemed to have been made during the period of the Policy.

WHEREFORE, MLM respectfully requests that the Court enter an order declaring and decreeing as follows:

a.    MLM provides no coverage to Shulman under the Policy or under  any other policy it has issued to Schulman with respect to the K*opta* claim and suit;

      b.      MLM owes no defense or indemnity obligations under the Policy or under any other policy it has issued to Schulman with respect to the *Kopta* claim and suit;

**COUNT IV – DECLARATORY JUDGMENT (Pleaded in the Alternative)**
(Coverage is Precluded for the Kopta claim by the Known Loss Doctrine.)

1-47.   As paragraphs 1-47 of this Count IV, MLM adopts and incorporates by reference paragraphs 1-47 of Count III hereinabove.

48.    Schulman knew or had reason to know, when it purchased the MLM Policy, that there is a substantial probability that it would suffer a loss as a result of the Kopta claim, but it did not share that knowledge with MLM.

49.    Based on the facts known to Schulman at the time he applied for the MLM Policy and for the other MLM policies which incepted after 2008, the risk ceased to be contingent and had become a probable or known loss, and was not insurable as a matter of public policy.

WHEREFORE, MLM respectfully requests that the Court enter an order declaring and decreeing as follows:

      a.      MLM provides no coverage to Shulman under the Policy or under any other policy it issued to Schulman after 2008 with respect to the K*opta* claim and suit based on the applicability of the known loss doctrine;

      b.      MLM owes no defense or indemnity to Schulman with respect to the *Kopta* claim and suit;

**COUNT V – DECLARATORY JUDGMENT (Pleaded in the Alternative)**
(Coverage for the Kopta claim is Precluded by Late Notice)

1-47.   As paragraphs 1-47 of this Count V, MLM adopts and incorporates by reference paragraphs 1-47 of Count IV hereinabove.

48.     As a prerequisite for coverage under the Policy, Schulman was required to give MLM immediate written notice of the Kopta "CLAIM" as defined by the Policy.

49.     Schulman became aware of the Kopta "CLAIM" more than three years before the inception of the Policy, no later than October 29, 2008.

50.     Notwithstanding his knowledge of the Kopta "CLAIM" Schulman delayed giving MLM notice until after the inception of the Policy.

WHEREFORE, MLM respectfully requests that the Court enter an order declaring and decreeing as follows:

        a.     MLM provides no coverage to Shulman under the Policy or under any other policy it issued to Schulman with respect to the K*opta* claim and suit based on Schulman's violation of the notice  provision of the MLM Policy;

        b.     MLM owes no defense or indemnity obligations with respect to the *Kopta* claim and suit.

## COUNT VI – DECLARATORY JUDGMENT
(Coverage for the Claim of ASICO, LLC is Precluded by Schulman's Failure to Cooperate and Failure to Give Proper Notice Under the Policy)

1.     Plaintiff Minnesota Lawyers Mutual Insurance Company ("MLM") is a Minnesota insurance corporation with its principal place of business in Minneapolis, Minnesota.

2.     Defendants JERRY A. SCHULMAN, individually and d/b/a the Law Offices of Jerry A. Schulman (collectively, "Schulman") are citizens of the State of Illinois.

3.     Jurisdiction of this Court is predicated upon 28 U.S.C. § 1332, based upon diversity of citizenship between the Plaintiff and Defendants and an amount in controversy exceeding the sum of $75,000, exclusive of interest and costs.

4.    Venue is predicated upon 28 U.S.C. § 1391 in that the Defendants reside in this district and the events or omissions giving rise to this suit occurred in this district.

5.    MLM issued a series of Lawyers Professional Liability Policies to Schulman, including Policy No. 7557 10, which was in effect for the period January 1, 2012 to January 1, 2013 ("the Policy").  A true and correct copy of the Policy is attached hereto as Exhibit A.

6.    The Policy requires that that Schulman must cooperate with MLM in the investigation and defense of matters reported under the Policy by providing as follows:

**DEFENSE AND SETTLEMENT**
…The INSURED must cooperate with US in the investigation and defense…

7.    The Policy also requires that, in the event of an act, error or omission by any insured which could reasonably support or lead to a demand for damages, Schulman must give immediate written notice to MLM and forward every demand, notice, summons or other communication received by the insured or his representative. MLM adopts and incorporates by reference paragraph 7 of the allegations of Count I stated hereinabove.

8.    In a Supplemental Claim Application that Schulman submitted to MLM on December 27, 2013, he disclosed "ASICO LLC" as a potential claimant against him, but no other information was provided regarding the identity of the claimant or the nature of the claim.

9.    Since receiving the Supplemental Claim Application from Schulman MLM and its counsel have repeatedly requested Schulman to provide information regarding the potential claim of "ASICO LLC," but he has not provided any additional information.

10.    An actual controversy exists between the parties regarding whether Schulman violated the cooperation provisions of the Policy with respect to the potential claim referenced in Schulman's Supplemental Claim Application, which would preclude coverage under the Policy and making this case appropriate for disposition pursuant to 28 U.S.C. § 2201.

11.     An actual controversy exists between the parties regarding whether Schulman violated the notice provisions of the Policy with respect to the potential claim referenced in Schulman's Supplemental Claim Application, which would preclude coverage under the Policy and making this case appropriate for disposition pursuant to 28 U.S.C. § 2201.

12.     MLM has been prejudiced by Schulman's continuing refusal and failure to provide information to MLM regarding the identity of the claimant and the nature of the claim, because MLM has been unable to investigate and analyze the claim while the evidence remains reasonably available.

WHEREFORE, MLM respectfully requests that the Court enter an order declaring that MLM owes no defense or indemnity obligations with respect to the "ASICO LLC" potential claimant, claim or suit, based on Schulman's violations of the cooperation and notice requirements of the Policy.

<u>PLAINTIFF DEMANDS JURY TRIAL ON ALL COUNTS</u>

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL & VAUSDAL LLC

By:     /s/  James K. Horstman
        One of the attorneys for
        Minnesota Lawyers Mutual
        Insurance Co.

James K. Horstman
Jeanne M. Zeiger
Cray Huber Horstman Heil
& VanAusdal LLC
303 W. Madison – Suite 2200
Chicago, IL 60606
(312) 332-8450
(312) 332-8451
*Attorneys for Minnesota Lawyers Mutual Insurance Co.*